IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES YOUNG,**

**Plaintiff,**

**v.**

**SGT. AGNEW, SGT. OBERTINI, and LT. MCDONALD,**

**Defendants.**

**Case No. 26-cv-1051-NJR**

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff James Young, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint (Doc. 1), Young alleges that Defendants were deliberately indifferent to his conditions of confinement.

The case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

In May 2025, Young arrived at Pinckneyville Correctional Center and was allegedly placed in a cell that was infested with ants, centipedes, spiders, roaches, and an unknown brown bug (Doc. 1, p.5). Every night, Young awoke to bugs crawling on his feet, chest, and face. On at least one occasion, a bug crawled into his mouth. He also lost hundreds of dollars of food bought from the commissary due to the bug infestation (*Id.*). His clothes were also riddled with bug feces (*Id.*).

Between May and July 2025, Young complained daily to Sergeant Agnew, Sergeant Obertini, and Lieutenant McDonald (Doc. 1, p. 5). He submitted several work orders directly to Agnew and Obertini requesting fumigation of his cell and for his sink to be plunged due to a sour sewage smell and black sewage backing up (*Id.* at pp. 5, p. 8). The smell from the sewage made it difficult to eat or drink in his cell (*Id.* at p. 5). He also requested to move cells due to the infestation, but Agnew, Obertini, and McDonald denied his requests (*Id.* at p. 6). On June 10, 2025, Young spoke directly with Agnew, Obertini, and McDonald about the conditions in his cell, noting that he was denied cleaning supplies (*Id.*). He also noted holes in the walls where bugs would enter the cell (*Id.*). McDonald merely directed Young to speak to staff because Young's concerns were below McDonald's pay grade. Agnew joked that Young was from the projects and yet he was afraid of bugs (*Id.*). Although Obertini indicated that he would look into the issue, when Young inquired of the status of Obertini's inquiry, Obertini indicated that he forgot to place the work order (*Id.*).

In July 2025, Young was awakened by a bug crawling into his ear (Doc. 1, p. 6). He submitted several sick call requests and informed Agnew and Obertini that a bug crawled into his ear, but the sergeants indicated that they could not help him. On July 12, 2025, Young was called to the healthcare unit where a healthcare provider flushed the dead bug from his ear (*Id.*). Young notes that since the procedure, he has continued to suffer from hearing loss and ringing in his ear (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1: Eighth Amendment deliberate indifference to conditions of confinement claim against Agnew, Obertini, and McDonald for failing to remedy the conditions of Young's cell.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Young states a viable conditions of confinement claim against Agnew, Obertini, and McDonald for their failure to respond to the conditions in his cell. Young alleges that his cell was infested with numerous different types of bugs, that there

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

were holes in the cell walls that allowed bugs to continue to enter the cell, and his sink emitted a sewage smell. He informed the officers of the conditions of his cell, but they refused to do anything about it. Agnew made jokes about Young's ability to handle the bugs, and McDonald provided Young with a flippant response that it was *below* his pay grade. Young adequately alleges that the officers were aware of the conditions in his cell and acted with deliberate indifference. *See Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008) (prolonged and significant pest infestation may state a claim); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). Thus, Count 1 shall proceed against Agnew, Obertini, and McDonald.

The Court notes that Young also indicates that he informed Agnew and Obertini about the bug that crawled in his ear. It is not entirely clear whether Young also seeks to allege a claim for deliberate indifference to his need for medical care after the incident. He provides scant allegations about a potential claim, only noting that it occurred sometime in July 2025 and he received medical care on July 12, 2025. The limited allegations do not suggest deliberate indifference. Although Agnew and Obertini told Young that they could do nothing for his injury, Young acknowledges that he was eventually seen in the healthcare unit and received care. It is not at all clear what, if any, delay Young experienced because he fails to allege exactly when the incident occurred and when he requested care from defendants. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (a delay in treatment may state a claim if the delay "exacerbated the injury or unnecessarily prolonged [the] inmate's pain"). There are simply not enough allegations to suggest that Young experienced any delay in treatment that might have exasperated

his injury as a result of any inaction by Agnew and Obertini. Thus, any potential claim regarding his access to healthcare is **DISMISSED without prejudice**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Sergeant Agnew, Sergeant Obertini, and Lieutenant McDonald.

The Clerk of Court shall prepare for Sergeant Agnew, Sergeant Obertini, and Lieutenant McDonald: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Young. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Young, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Young, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Young is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 23, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**